# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE DeJESUS RODRIGUEZ,<br><br>    Petitioner,<br><br>v.<br><br>STEVE MOORE,<br><br>    Respondent. | No. 2:19-CV-0226-MCE-DMC-P<br><br><br>FINDINGS AND RECCOMMENDATIONS |

        Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is respondent's unopposed motion to dismiss (ECF No. 29). Respondent argues the petition should be dismissed for failure to exhaust state court remedies.

## I. BACKGROUND

**A.**     <u>**State Court Proceedings**</u>

        There appears to be some confusion as to the record of petitioner's state conviction. In his petition, petitioner claims to have been convicted of assault and battery in San Joaquin County Superior Court on January 14, 2019. <u>See</u> ECF No. 1, pg. 1. He alleges to have submitted an appeal, but his petition states that the appeal was submitted in 2018, a year prior to his supposed conviction. <u>Id.</u> at 2. Respondent claims that criminal proceedings for petitioner's

1

assault and battery case are still pending and that the January 14, 2019, date is simply the date the San Joaquin County Superior Court denied his habeas corpus petition. See ECF No. 29, fn. 1-2. Regardless, even if petitioner was duly convicted at the time of filing this petition, for which there is reason to doubt, it appears that he did not appeal this conviction to the California Supreme Court. See ECF No. 1, pg. 3.

### B. Current Federal Petition

This case proceeds on petitioner's petition filed on February 6, 2019. See ECF No. 1. Petitioner raises the following grounds for relief:

| | | |
|---|---|---|
| Ground 1 | | Petitioner not afforded a phone calls in violation of Penal Code § 851.5. |
| Ground 2 | | Charge of assault and battery lacked Corpus dilecti where alleged "VICTIM/WITNESS" received no injuries. |
| Ground 3 | | Prosecution withholds from the Court the fact that police Report explicitly denies intent and lacks corpus dilecti. |
| Ground 4 | | Successive prosecutions for the same offense that has already been settled violating Penal Code § 654. |

ECF No. 1, pgs. 4-5.

## II. DISCUSSION

In his motion to dismiss, respondent argues the petition must be dismissed because it contains unexhausted claims.

Under 28 U.S.C. § 2254(b), the exhaustion of available state remedies is required before claims can be granted by the federal court in a habeas corpus case. See Rose v. Lundy, 455 U.S. 509 (1982); see also Kelly v. Small, 315 F.3d 1063, 1066 (9th Cir. 2003); Hunt v. Pliler, 336 F.3d 839 (9th Cir. 2003).[1] The exhaustion doctrine is based on a policy of federal and state comity, designed to give state courts the initial opportunity to correct alleged constitutional deprivations. See Picard v. Connor, 404 U.S. 270, 275 (1971); see also Rose, 455 U.S. at 518. "A petitioner may satisfy the exhaustion requirement in two ways: (1) by providing the highest

---

[1] Claims may be denied on the merits notwithstanding lack of exhaustion. See 28 U.S.C. § 2254(b)(2).

state court with an opportunity to rule on the merits of the claim . . .; or (2) by showing that at the time the petitioner filed the habeas petition in federal court no state remedies are available to the petitioner and the petitioner has not deliberately by-passed the state remedies." Batchelor v. Cupp , 693 F.2d 859, 862 (9th Cir. 1982) (citations omitted). Exhaustion is not a jurisdictional requirement and the court may raise the issue sua sponte. See Simmons v. Blodgett, 110 F.3d 39, 41 (9th Cir. 1997).

Regardless of whether the claim was raised on direct appeal or in a post-conviction proceeding, the exhaustion doctrine requires that each claim be fairly presented to the state's highest court. See Castille v. Peoples, 489 U.S. 346 (1989). Although the exhaustion doctrine requires only the presentation of each federal claim to the highest state court, the claims must be presented in a posture that is acceptable under state procedural rules. See Sweet v. Cupp, 640 F.2d 233 (9th Cir. 1981). Thus, an appeal or petition for post-conviction relief that is denied by the state courts on procedural grounds, where other state remedies are still available, does not exhaust the petitioner's state remedies. See Pitchess v. Davis, 421 U.S. 482, 488 (1979); Sweet, 640 F.2d at 237-89.[2]

Here, respondent argues that petitioner has not filed any actions in the California Supreme Court and thus has presented a petition that contains only unexhausted claims. Petitioner has filed no opposition to respondent's motion and has offered no counter to respondent's assertions. Further, it is apparent from petitioner's own petition that he has not exhausted his remedies in state court. Petitioner checked "No" on all boxes which asked whether he "appeal[ed] to the highest state court having jurisdiction the result of action taken on any petition, application or motion. . . ." ECF No. 1, pg. 3. In his explanation for why he did not appeal, petitioner stated that he ". . .will not prosecute further Appeals until either a Preliminary Hearing Re-convicts []him[] or the trial Court finally Reconvicts []him[] at trial." Id. Therefore, it appears petitioner made a purposeful decision to not appeal his alleged conviction to any higher

---

[2] This situation of procedural deficiency is distinguishable from a case presented to the state court using proper procedures but where relief on the merits is precluded for some procedural reason, such as untimeliness or failure to raise the claim on direct appeal. The former represents an exhaustion problem; the latter represents a procedural default problem.

court.  As a result, the instant petition is unexhausted and must be dismissed.

### III. CONCLUSION

Based on the foregoing, the undersigned recommends that respondent's unopposed motion to dismiss (ECF No. 29) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  December 5, 2019

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE